```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   THANIA FERNANDEZ, et al.,

 4              Plaintiffs,

 5         v.                                  17 CV 3161 (ER)

 6   CATHOLIC GUARDIAN SERVICES, et
     al.,
 7
                Defendants.
 8
     ------------------------------x
 9                                             New York, N.Y.
                                               October 17, 2017
10                                             11:30 a.m.

11   Before:

12                      HON. EDGARDO RAMOS,

13                                        District Judge

14                          APPEARANCES

15   BORRELLI & ASSOCIATES PLLC
          Attorneys for Plaintiffs
16   BY:  JOAN BADRE LOPEZ

17   PUTNEY TWOMBLY HALL & HIRSON LLP
          Attorneys for Defendants
18   BY:  JOSEPH BLAISE CARTAFALSA

19

20

21

22

23

24

25
```

1           (In chambers; via telephone)

2           (Case called)

3           THE DEPUTY CLERK:  Counsel, please state your name for
4    the record.

5           MR. CARTAFALSA:  For defendant Joe Cartafalsa from
6    Putney Twombly for Catholic Guardian and the individual
7    defendants.

8           MS. LOPEZ:  This is Joan Lopez, attorney from Borrelli
9    & Associates.  We represent the named plaintiff and the opt-ins
10   in the instant case.

11          THE COURT:  Good morning to you both.

12          I am here with a court reporter and the clerk and the
13   courtroom deputy, Jazmin Rivera.  We are here at the request of
14   Mr. Cartafalsa for seeking leave to file either a surreply or
15   what.

16          Mr. Cartafalsa, what do you want to do?

17          MR. CARTAFALSA:  A motion to strike, but a surreply
18   would be fine.  I did that in the alternative.

19          THE COURT:  What do you want to strike?

20          MR. CARTAFALSA:  Well, the rationale is plaintiff has
21   submitted what are outdated resumes that are specifically
22   important here because the resumes, for example, are different
23   than the resumes that were on file at Catholic Guardian.

24          The resumes, for example, don't show some of the
25   educational attainment that the plaintiffs had at the time they

1  applied for the jobs in question because some of the opt-in
2  plaintiffs had been employed at Catholic Guardian in different
3  positions, subsequently got a master's degree, for example,
4  before they were hired for the job in question.
5              So the problem is these resumes that were submitted by
6  plaintiff are outdated and don't show the true status of their
7  educational attainment.
8              THE COURT:  Ms. Lopez.
9              MS. LOPEZ:  Hi, your Honor.
10             So, in response to Mr. Cartafalsa's stand, as stated
11 in our response letter, basically if there are grounds for
12 striking a reply is the issue of the plaintiffs' resumes, that
13 essentially is the merits issue, one.
14             Moreover, two, there is no inaccuracy or, as opposing
15 counsel insinuated, that there was a possible motive of
16 misleading the court.  There is no such thing, your Honor.
17             The reason why we attached the resumes to our reply is
18 essentially to debunk opposing counsel's claim which they
19 repeatedly made in their opposition and the premotion
20 conference that my clients have a master's degree, except for
21 Ms. Vargas who is still working on her master's and is able to
22 get her master's degree in December of this year.  My clients
23 do not have a master's degree.
24             THE COURT:  Except that the resumes that
25 Mr. Cartafalsa submitted to me very clearly indicate either

1   that they have master's degrees or are in the process of
2   getting a master's degree or have already received a master's
3   degree.
4           Were the documents that he submitted to me false or
5   misleading or inaccurate?
6           MS. LOPEZ:  I didn't hear the first part, your Honor.
7           THE COURT:  Were the documents, the resumes that
8   Mr. Cartafalsa submitted to me -- were they false or inaccurate
9   or misleading?
10          MS. LOPEZ:  I wouldn't even make a conclusion about
11  the resumes that Mr. Cartafalsa submitted because we haven't
12  done discovery yet.  The resume that Mr. Cartafalsa submitted
13  for Ms. Fernandez says advanced standing degree.  That is not
14  the same thing as having a master's degree.
15          I know for sure that defendants know that.  Advanced
16  standing is basically what a person gets after receiving a
17  bachelor's degree in social work.  It's like taking AP classes
18  in high school.  You can transfer the credits when you go to
19  college.
20          So that's essentially what that was.  Ms. Fernandez
21  never applied to a master's program.  That's what that meant.
22  She just had transferred the degree or credits that she could
23  have applied had she applied to a master's program, which she
24  did not.
25          THE COURT:  Ms. Lopez, my question to you was:  Do you

1     have any reason to believe that the documents submitted by
2     Mr. Cartafalsa were misleading or inaccurate?  The answer I
3     take it is no.
4             MS. LOPEZ:  I do not have a sufficient reason to think
5     that it's inaccurate based on the documents that they submitted
6     were incorrect.
7             THE COURT:  You address the law aspect of
8     Mr. Cartafalsa's letter.  My concern is the other aspects that
9     he raises, which is that these documents, the documents that
10    you submitted, were submitted in an effort to mislead the
11    Court.
12            Now, why is it that you did not submit documents or
13    resumes of your clients that accurately reflected their work
14    experience and education?
15            MS. LOPEZ:  Your Honor, just to be clear, there was no
16    onus on behalf of the plaintiffs to deceive the Court.  The
17    intent behind submitting those resumes that were attached to
18    the reply was to just assess defendants' claims that my clients
19    have a master's degree.
20            I asked my clients to give me a copy of the resume,
21    the resume that they had before they applied for the position
22    with defendants, and they tried their best to submit the
23    resumes that they had before they applied for a job with
24    Catholic Guardian.
25            THE COURT:  I'm sorry.  You're going to have to repeat

1  that.  What was that last point?  I didn't quite understand
2  what you were saying.
3          MS. LOPEZ:  Sure.
4          So I just told the clients to find the resumes that
5  they had prior to applying for a job with Catholic Guardian in
6  order to show or in order to demonstrate to defendants that
7  they didn't have a master's degree, and they still don't have a
8  master's degree.
9          THE COURT:  I guess I don't understand why you would
10 have submitted to the Court resumes that are not -- clearly
11 these weren't resumes that were submitted in connection with
12 their applications; right?  Because those aren't resumes that
13 defendant has.
14         MS. LOPEZ:  It was hard for plaintiff to essentially
15 find the version of the resume that they submitted to
16 defendants when they applied for the job.  It was a long time
17 ago.
18         THE COURT:  Mr. Cartafalsa, I take it that the resumes
19 that you attached to your letter are the resumes that were
20 submitted in connection with their applications?
21         MR. CARTAFALSA:  Correct.
22         THE COURT:  Ms. Lopez, I have to say that I share
23 Mr. Cartafalsa's concern that the fact that none of the resumes
24 that are highlighted reflect the master's-level work that your
25 clients alleged to have been engaged in at the time that they

1    applied. That is my concern. I think that Mr. Cartafalsa was

2    correct to bring it to the Court's attention. It is something

3    that has caused me some concern.

4            However, you are right that in connection with a

5    particular motion, it's not necessarily relevant, or at least

6    it doesn't go to the merits.

7            But, Mr. Cartafalsa, if you want to make some other

8    application, you are free to do so. I don't see how it affects

9    the merits of the particular motion.

10           MR. CARTAFALSA: I understand. You're saying I can

11   make the motion, but it doesn't seem to affect the merits. I

12   don't want to waste the parties' time or the Court's time on

13   doing something like that. I think the issue is clear. If

14   your Honor doesn't think it affects the merits of the motion,

15   then I don't want to be wasting time.

16           THE COURT: Again, I am very concerned about the

17   documents that have been submitted by plaintiffs. Certainly

18   there is a reasonable suggestion that because they all reflect

19   the applicants' work status and educational status at a time

20   much before they applied, there is a reasonable suggestion that

21   they were done in order to make them seem less qualified and in

22   order to make them seem as though they certainly were not

23   subject to an exemption under the FLSA. What I will do,

24   Mr. Cartafalsa, is if you want to submit a surreply, you may do

25   so.

1               When do you think you can get that in by?

2               MR. CARTAFALSA:  How about a week from tomorrow,
3    your Honor?

4               THE COURT:  Okay.  A week from Friday.

5               Is there anything else that you wanted to raise,
6    Mr. Cartafalsa?

7               MR. CARTAFALSA:  I raised just two other minor issues
8    in the letter motion about the defense not being raised, also
9    about -- I can include these in the surreply.

10              I don't know that we need to discuss them now, but
11   also that plaintiffs said that they were not paid on a salary
12   basis when plaintiff's affidavit, Ms. Lopez's affidavit, said
13   they were not paid on a salary basis while the complaint itself
14   even talks about them being paid on a salary basis.

15              THE COURT:  You can put that in your surreply.  The
16   surreply will be no more than ten pages.

17              MR. CARTAFALSA:  Thank you, your Honor.

18              THE COURT:  Anything else from you, Ms. Lopez?

19              MS. LOPEZ:  I just want to kind of like state our
20   decision to attach the versions of the plaintiffs' resumes is
21   to show that they do not have a master's degree.

22              There were versions of the resumes that we attached to
23   argue that they are not -- (inaudible) resume to argue that
24   they are not exempt under the FLSA.  That they do not have a
25   master's degree.

1  I just also am wondering, your Honor, if in response
2  to a surreply if we are permitted a sur-surreply.
3           THE COURT:  Absolutely not.  Let me tell you why.
4  Just to be completely clear, why your explanation is not
5  particularly persuasive.  If what you are saying is that you
6  went back to your clients and said, give me a resume that
7  reflects the level of your education at the time that you
8  applied and this is what they all came back to you with, first
9  of all, it suggests that they have those resumes and getting
10 their prior versions of resumes is not particularly burdensome.
11 And two, if what they did was create a resume in order to make
12 this motion, then clearly, to the extent that they were
13 involved in master's-level work, even if they did not have the
14 master's degree, they kept that off.
15          So I don't see any particularly good explanation for
16 why we got the documents that we got.  With that, we are
17 adjourned.
18          (Adjourned)