UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THANIA FERNANDEZ, individually, and on behalf of all others similarly situated,

Plaintiff,

-against-

CATHOLIC GUARDIAN SERVICES, CRAIG LONGLEY, individually, GRACE POPPE, individually, and DOLORES ORTIZ, individually,

Defendants.

**OPINION & ORDER**

17 Civ. 03161 (ER)

Ramos, D.J.:

Thania Fernandez brings this putative collective action on behalf of all similarly situated employees against Catholic Guardian Services, Craig Longley, Grace Poppe, and Dolores Ortiz (collectively "Defendants"), alleging failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Complaint ("Compl."), Doc. 1. Plaintiff also alleges violations of New York Labor Law ("NYLL"). Compl. ¶ 5.

Before the Court is Plaintiff's Motion for Conditional Certification and Leave to Distribute Notice Pursuant to 29 U.S.C. § 216(b) ("Motion") (Doc. 28). In this motion, Plaintiff seeks (a) a conditional certification of an FLSA collective action composed of all "current and former foster care case planners and case managers" employed by Defendants from April 28, 2011, until the present; (b) an order requiring Defendants to provide Plaintiff with information about potential class members; and (c) an order granting Plaintiff leave to disseminate notice to potential class members. Memorandum of Law in Support of Motion for Conditional Certification and Leave to Distribute Notice Pursuant to 29 U.S.C. § 216(b) ("Pl.'s Mem.") (Doc.

29) at 1, 25. For the reasons set forth below, Plaintiff's motion is GRANTED in accordance with the Court's decision.

I. BACKGROUND

From July 2007 until May 2014, Defendants employed Plaintiff as a foster care case planner. Compl. ¶ 19. In that position, Plaintiff helped place children with foster parents and monitored the children's wellbeing. *Id.* at ¶ 20. Plaintiff alleges that, as a case planner, she worked forty-eight hours a week at least one week a month between April 2011 and May 2014 and did not receive overtime pay. *Id.* at ¶¶ 21, 25.

In May 2014, Plaintiff became a case manager. *Id.* at ¶ 20. As a case manager, she "ma[de] foster care arrangements for undocumented children, conduct[ed] intakes, handl[ed] tasks related to the children's medical care, as well as being available at all times to respond to any and all emergencies that arise with the foster children." *Id.* at ¶ 27. As was true when she was a case planner, Plaintiff also worked forty-eight hours a week at least one week a month between May 2014 and December 2016 and did not receive overtime pay. *Id.* at ¶¶ 29, 36. From 2014 and 2016, Plaintiff also responded to emergencies after hours. *Id.* at ¶ 30.

On April 28, 2017, Plaintiff commenced the instant FLSA collective action, seeking to vindicate her rights and those of similarly situated employees. *See id.* at ¶ 5. Between March 2017 and June 2018, fourteen people, including Plaintiff, signed plaintiff consent forms. Docs. 6, 7, 8, 11, 25, 26, 27, 31, 41, 47, 53, 54, 55, 57. Of the fourteen people who signed plaintiff consent forms, four submitted declarations to describe their employment in more detail. Declaration of Joan B. Lopez, Esq., in Support of Motion for Conditional Certification and Leave to Distribute Notice Pursuant to 29 U.S.C. § 216(b) (Lopez Decl.) (Doc. 30) Exs. 10–13. According to their declarations, all four declarants, including Plaintiff, worked as case managers

with the same duties,[1] hours,[2] and compensation scheme that did not provide for overtime pay.[3] Two of the declarants, Plaintiff and Jissette A. Vargas, also had worked as case planners with the same duties,[4] hours,[5] and compensation system that did not include overtime wages.[6]

On August 30, 2017, Plaintiffs moved for (a) a conditional certification of an FLSA collective action composed of all "current and former foster care case planners and case managers" employed by Defendants from April 28, 2011 until the present; (b) an order requiring Defendants to provide Plaintiff with information about potential class members; and (c) an order granting Plaintiff leave to disseminate notice to potential class members. Pl.'s Mem. at 1, 25.

## II. CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION

### A. Legal Standard

Pursuant to the FLSA, an individual may file suit against an employer on behalf of herself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs. 29 U.S.C. § 216(b). "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'" *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

The Second Circuit has endorsed a two-step framework for determining whether a court should certify a case as a collective action under § 216(b). *See Myers*, 624 F.3d at 554–55. This

---

[1] Ex. 10, ¶ 17, Ex. 11, ¶ 4, Ex. 12, ¶ 16, and Ex. 13, ¶ 4.
[2] Ex. 10 ¶ 18–19, Ex. 11, ¶¶ 5–6, Ex. 12, ¶ 17–18, and Ex. 13, ¶¶ 5–6.
[3] Ex. 10 ¶ 22, Ex. 11, ¶ 8, Ex. 12, ¶ 20, and Ex. 13 ¶ 8
[4] Exs. 10, 12, ¶ 4.
[5] Exs. 10, 12, ¶ 5.
[6] Exs. 10, 12, ¶ 7.

process entails an analysis of whether prospective plaintiffs are "similarly situated" at two different stages: an early "notice stage," and again after discovery is largely complete. *See McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citing *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)). At stage one, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named Plaintiffs with respect to whether a[n] FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted). At stage two, after additional plaintiffs have opted in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If the court concludes that they are not similarly situated, the action may be "de-certified," and the opt-in plaintiffs' claims "may be dismissed without prejudice." *Id.*

Here, Plaintiff seeks a step one, conditional certification of this collective action under the FLSA, and a determination that the proposed notice to putative opt-in plaintiffs is proper. "Because minimal evidence is available" at this early stage of the proceedings, and because the Court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated," Plaintiff faces a "'relatively lenient evidentiary standard.'" *McGlone*, 867 F. Supp. 2d at 442 (quoting *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) and *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)). They must only make "a 'modest factual showing' that [Plaintiff] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof

4

because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (internal citations omitted). "Accordingly, in deciding whether to grant the [Plaintiff's] motion, the Court must merely find 'some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims' of a particular practice." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 346 (E.D.N.Y. 2012) (quoting *Sbarro*, 982 F. Supp. at 261). To demonstrate that such a factual nexus exists, "plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits from named plaintiffs, opt-in plaintiffs, or other putative collective action members." *Guan Ming Lin v. Benihana Nat. Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011) ((citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (noting that "the appropriate inquiry at this pre-discovery stage is whether the putative class alleged by Plaintiffs is similarly situated based on the pleadings and any affidavits")).

In considering Plaintiff's motion, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). It merely "examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442. If the Court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members. *Id.*

### B. Discussion

#### 1. Conditional Certification

Plaintiffs ask the Court to conditionally certify this FLSA collective action, composed of "current and former foster care case planners and case managers" employed by Defendants from April 28, 2011, until the present. Pl.'s Mem. at 1. Plaintiff contends that the putative collective

5

action members are similarly situated because they are "foster care case planners and/or case managers," who "performed similar job duties, were subject to the same compensation practices at different locations, and were not paid overtime for all hours worked by the Defendants." *Id.* at 14–15.

In response, Defendants do not seriously question whether Plaintiff and the putative collection action members are similarly situated. Instead, they raise ten arguments related to the case's merits, timing, scope, and notice. As explicated below, the Court finds some of these arguments convincing.

First, Defendants claim that the Court should not grant Plaintiff's motion because the FLSA does not cover either Plaintiff or Defendants. Defendants' Opposition to Plaintiff's Motion for Conditional Class Certification and Leave to Distribute Notices ("Defs.' Mem.") (Doc. 32) at 10 –14. The Court does not regard this argument as convincing at this stage in the proceedings. As explained above, the Court does not, in considering a motion for conditional class certification, "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). Instead, it only "examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442.

Second, Defendants argue that the Court should stay the Motion for Conditional Class Certification until the parties have "complete[d] limited and/or expedited discovery as to FLSA coverage and the professional exemption." Defs.' Mem. at 1. The Court declines this invitation because it misconstrues the collective action certification process in the FLSA context. As detailed above, the Second Circuit has adopted a two-step process for determining whether to

6

certify a collective action under § 216(b). *Myers*, 624 F.3d at 554–55. At the first stage, the Court reviews a modest factual showing to decide whether to send notice to opt-in plaintiffs that may be "similarly situated." *Id*. at 555. At the second stage, the Court considers a "fuller record" to rule on whether the opt-in plaintiffs are in fact similarly situated. *Id*. Staying a decision on a motion for conditional certification of a collective action until discovery's completion would contravene this Circuit's practice and deny the litigants the benefits of this framework. The Court, therefore, denies this request.

Third, Defendants ask the Court to order Plaintiff to remove the references to the NYLL in the proposed notice because Plaintiff seeks a conditional collective action certification pursuant to FLSA's collective action provision, § 216(b), and because that provision can only combine FLSA claims. The Court agrees, as other courts have as well. *See, e.g.*, *Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406 (VEC), 2018 WL 279756, at *7 (S.D.N.Y. Jan. 2, 2018) ("[T]his Court believes the references to state claims may be confusing and are, in any event, superfluous. Accordingly, the Proposed Notice and Consent must be revised to remove the references to the NYLL."). As a result, Plaintiff should remove references to New York law on pages 2, 3, and 4 of the notice. Ex. 14. If Plaintiff wishes to create a class action of related state claims, she may move for a Rule 23 class action in accordance with the Rules.

Fourth and along the same lines, Defendants assert that the Court may not conditionally certify a collective action dating back six years even though Plaintiff has brought claims under both FLSA and NYLL before the Court. Defs.' Mem. at 16. Some courts in this Circuit routinely allow parties to list a six year time period on collective action notices when a plaintiff presents claims under both the FLSA and the NYLL, which has a six-year statute of limitations. *See Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410–11 (S.D.N.Y. 2012). However, three

7

years is the maximum time period to join FLSA collective actions, and no New York state class action has been certified.

Fifth, Defendants discourage the Court from tolling the statute of limitations until the deadline for joining the suit passes. Defs.' Mem. 19. The Court agrees with Defendants on this issue. Equitable tolling is only appropriate "in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16 Civ. 601 (ER), 2016 WL 6561302, at *10 (S.D.N.Y. Nov. 4, 2016) (quoting *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2106 WL 2658172, at *16 (S.D.N.Y. May 5, 2016)). The Court does not find that this case presents any such circumstances. Therefore, the appropriate time period listed on the notice is a period of time dating back three years prior to the filing of the Complaint. *See id.* at *9 (noting that keying notice to a three year period prior to the filing of the complaint is appropriate, as challenges to the timeliness of individual plaintiffs' actions can be entertained at a later date).

Sixth, Defendants say that Plaintiff's collective action, if certified, should include "Caseworks in the Foster Boarding Home Program" instead of "case planners" and "Case Managers in the Unaccompanied Alien Children Program" instead of "case managers." Defs.' Mem. 19. At this stage, the Court finds this distinction less than meaningful because, "[c]ontrary to what Defendants argue, different job titles may be included within a conditional collective if there is evidence that plaintiffs may be similarly situated as to a common policy to violate the FLSA." *Taveras v. D & J Real Estate Mgmt. II, LLC*, 324 F.R.D. 39, 41 (S.D.N.Y. 2018).

Seventh, Defendants challenge the proposed notice because it does not inform the potential plaintiffs that they may have to participate in discovery. Defs.' Mem. 17. Defendants are wrong. The notice provides the following information: "Most likely, if you choose to join

8

this lawsuit, you will be required to provide information and answer questions relating to your employment with Defendants. You may be required to testify at a deposition or at trial, respond to written questions, and produce documents relevant to the case." Ex. 14, ¶ 6.

Eighth, Defendants seek to add their counsel's contact information to the notice. Defs.' Mem. 17. The Court grants that request because "that information is necessary to afford[] employees the opportunity to communicate with defense counsel." *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 CIV. 3946 PAE, 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014) (internal quotation marks omitted). *See also Escano v. N & A Produce & Grocery Corp.*, No. 14–cv–4239 (PAC), 2015 WL 1069384, at *2 (S.D.N.Y. Mar. 11, 2015) ("Courts regularly permit inclusion of defense counsel's contact information on such notices."). The Court, therefore, grants Defendants' request.

Ninth, Defendants object to Plaintiff's request to post the notice in Defendant's offices. Defs.' Mem. 18. The Court denies this objection because "[p]osting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CIV. 8629 KPF, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013). *See also Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."). The Court, therefore, grants Plaintiff's request to post the notice in a common, non-public employee space in each of Defendants' locations.

Tenth, Defendants write that "Plaintiffs' [sic] request for e-mail addresses and cell/text numbers is overly broad." Defs.' Mem. 18. The Court disagrees. "Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses,

9

telephone numbers, and dates of employment in connection with the conditional certification of a[n] FLSA collective action." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) (citing *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016)). The Court will therefore grant Plaintiff's request for the email addresses and the cellular telephone numbers of potential collective action members.

## III. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's request for conditional certification of her FLSA collective action and approves the notice, as set forth above. The Clerk of Court is respectfully directed to terminate the motion, Doc. 28.

SO ORDERED.

Dated: September 19, 2018
        New York, New York

                                          Edgardo Ramos, U.S.D.J.