## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement and Release") is made and entered into this 22nd day of March, 2021, by and between Thania Fernandez, Jersynter Abongwa, Octavia Anderson, Anita Bowman, Paula Brown, Anidiz Cabrera, Stephanie Checo, Laura Corona Rios, Jeanne Deniel, Divine Davis, Auribeny DeJesus, Jordan Drummond a/k/a Jordan Lachapelle, Nicole Ditto, Verdewilm Edwards, Oluwa Fernandez, Catherine Garcia, Daiana Gonzalez, Migdalia Guzman, Whitney Harris, Frances Hogan, Nya Hubbard, Nathaniel Hughes, Fuchia Ledgister, Clive Lino, Jasmine Marte, Drury Mcalarney, Toni Miguel, Kyawanna Montgomery, Darlene Pender, Angelic Peralta, Katherine Pinyero, Orlando Roman, Patrice Shand, Careen Simeon, Nadia Sterling, Michelle Thomason, Chelsea Tumoni, Kendra Vance, Jissette Vargas, Janet Walsh, Asmaa Zabriskie, (referred to collectively, individually and/or any combination thereof, hereafter as "Plaintiffs"), and Catholic Guardian Services ("CGS"), Craig Longley, Dolores Ortiz and Grace Poppe (referred to collectively, individually and/or any combination thereof, hereafter as "Defendants"). Plaintiffs and Defendants are referred to hereafter as the "Parties."

**WHEREAS**, CGS is a charitable provider of various social services with numerous programs that serve New York's most vulnerable children and families;

**WHEREAS**, Craig Longley is Executive Director of CGS, Dolores Ortiz Assistant Executive Director for Family Support Services for CGS, and Grace Poppe is Director of Care Management for CGS;

**WHEREAS**, the Plaintiffs are former or current employees of CGS;

**WHEREAS**, on April 28, 2017, Thania Fernandez, "on behalf of herself, individually, and on behalf of all others similarly-situated," commenced an action entitled *Thania*

1

*Fernandez v. Catholic Guardian Services f/k/a Catholic Guardian Society and Home Bureau, and Craig Longley, individually, Grace Poppe, individually, and Dolorez [sic] Ortiz, individually,* against CGS by filing a complaint (the "Complaint") with the United States District Court for the Southern District of New York, Case No. 17-cv-03161-ER (the "Action"), alleging that Defendants: (i) failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (ii) failed to pay wages in accordance with agreed terms of employment in violation of the NYLL; and (iii) failed to furnish proper wage notices and wage statements in violation of the NYLL; and

**WHEREAS**, on July 17, 2017, Defendants timely filed an Answer to the Complaint denying all of the material allegations contained in the Complaint and asserting defenses, including statutory and regulatory defenses and exemptions from minimum wage and overtime laws; and

**WHEREAS**, on September 19, 2018, Judge Edgar Ramos conditionally certified a collective action pursuant to Section 216(b) of the FLSA; and

**WHEREAS**, during the collective action opt-in period, 40 individuals opted in to the Action;

**WHEREAS**, Thania Fernandez and the individuals who opted in to the FLSA collective action, are the "Plaintiffs;"

**WHEREAS**, Plaintiffs have not moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and the Court has not otherwise certified a class pursuant to FRCP Rule 23;

**WHEREAS**, in the negotiation and execution of this Agreement and Release, Plaintiffs have been represented by their counsel, Borrelli & Associates, P.L.L.C., 910 Franklin

2

Avenue Suite 200, Garden City, New York 11530, email CD@employmentlawyernewyork.com;
telephone number (516)248-5550; facsimile number (516) 248-60217; and

**WHEREAS**, in the negotiation and execution of this Agreement and Release,
Defendants have been represented by their counsel, Robert M. Tucker, Esq., Ogletree, Deakins,
Nash, Smoak & Stewart P.C., 599 Lexington Avenue, 17th Floor, New York, New York 10022,
email robert.tucker@ogletree.com; telephone number (212) 492-2510; facsimile number (212)
492-2501; and

**WHEREAS**, Plaintiffs acknowledge that they have entered into this Agreement
and Release knowingly, freely and voluntarily without duress, threats or coercion of any kind by
anyone; and

**WHEREAS**, Plaintiffs acknowledge that their counsel has explained to them the
meaning and effect of the execution of this Agreement and Release and, therefore, Plaintiffs
acknowledge that they understand the meaning and effect of their individual execution of this
Agreement and Release.

**NOW, THEREFORE**, in consideration of the promises, mutual representations,
covenants, assurances, and warranties set forth herein, the sufficiency and receipt of which is
hereby acknowledged, the undersigned do hereby agree to be bound by the following terms and
conditions:

1.      This Agreement and Release is solely for the compromise of disputed claims, to
avoid expense, and to terminate the Action with prejudice.  Neither the negotiation, undertaking,
agreement, nor execution of this Agreement and Release shall constitute or operate as an
acknowledgment or admission of any kind by Defendants that they have: (a) committed any
unlawful, unprofessional, unethical or discriminatory practice; (b) violated any federal, state or

local statute, rule or regulation; and/or (c) breached any obligation to Plaintiffs or otherwise incurred any liability to Plaintiffs.  Defendants expressly affirm the exemptions to minimum wage and overtime laws made available by federal and state laws, regulations and case law; they deny any wrongdoing and the worthiness of any claim asserted in the Action or elsewhere by Plaintiffs.

2.     In full settlement of the Action, Plaintiffs, in their individual capacities and as members of any class, hereby voluntarily, irrevocably and unconditionally release and forever discharge Craig Longley, Dolores Ortiz and Grace Poppe, Catholic Charities of the Archdiocese of New York, the Archdiocese of New York, the Archbishop of New York, the Archbishopric of New York, Catholic Guardian Society and Home Bureau, and Catholic Guardian Services  on behalf of themselves,  any parent, subsidiary, affiliate, predecessor and successor corporations, as well as  any assigns, officers, directors, trustees, faculty, administrators, agents, employees, and attorneys (referred to collectively,  individually and/or any combination thereof,  hereafter as "Releasees") from: (i) any and all claims under the Fair Labor Standards Act ("FLSA"), or the regulations thereunder, arising on or before the execution of this Agreement and Release; (ii) any and all claims under the New York Labor Law ("NYLL"), or the regulations or wage orders thereunder, arising on or before the execution of this Agreement and Release; and (iii) any and all other statutory or common law claims relating to the material allegations asserted in the Action, including, but not limited to, claims for unpaid compensation related to their employment, breach of contract, unjust enrichment and promissory estoppel, arising on or before the execution of this Agreement and Release. Plaintiffs agree not to sue, either in their capacity as an individual or as a member of any class, the Releasees based on any of the foregoing released claims. Nothing in this Agreement and Release shall constitute a waiver of any rights to enforce the terms of this

Agreement and Release, or a waiver of claims that cannot be waived legally, or a waiver of claims that arise after the execution of this Agreement and Release.

3.    Plaintiffs acknowledge and understand that by executing this Agreement and Release they, either in their capacity as an individual or as a member of any class, cannot file in the future any claim, grievance and/or demand for arbitration or bring any action, lawsuit, charge or proceeding based on any of the released claims enumerated in Paragraph 2 of this Agreement and Release.

4.    In exchange for the releases and promises contained in this Agreement and Release, and in full settlement of the Action:

A.    CGS agrees to transmit the checks set forth in the subparagraphs i - xlii below for the total amount of $115,000.00 ("Settlement Payment") to Plaintiffs' counsel within forty-five (45) days after all of the following have occurred: (i) Defendants' counsel receives this Agreement and Release executed by Plaintiffs; (ii) Defendants' counsel receives a Stipulation of Dismissal with Prejudice executed by Plaintiffs' counsel, the template for which is attached as Exhibit A to this Agreement and Release; and (iii) the Court so-orders the Stipulation of Dismissal With Prejudice or issues its own similar order effectuating a dismissal with prejudice, and approves this Agreement and Release in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Plaintiff shall provide CGS with signed IRS Forms W-4 and W-9, and Plaintiffs shall provide a signed IRS Form W-9 on behalf of their counsel. The Settlement Payment shall be as follows:

    i.  a check made payable to "Borrelli & Associates, P.L.L.C." in the amount of <u>$41,479.64</u>, from which there shall be no withholding or deductions, as payment of any and all attorneys' fees ($38,333.33 i.e. 1/3 of the net settlement), plus Plaintiffs' costs and disbursements incurred ($3,146.31), in connection with the Action and an IRS Form 1099 will be issued;

    ii.  two checks made payable to "Thania Fernandez" in the amount of $<u>1,086.91</u> from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of <u>$11,086.92</u>, in settlement of claims for liquidated and damages and a service award, from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

    iii.  two checks made payable to "Jersynter Abongwa" in the amount of <u>$792.08</u>, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of <u>$792.08,</u> in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

    iv.  two checks made payable to "Octavia Anderson" in the amount of <u>$792.08</u>, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a

second check in the amount of <u>$792.08</u>, in settlement of claims for liquidated and damages, from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

v.   two checks made payable to "Anita Bowman" in the amount of <u>$792.08</u>, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of <u>$792.08</u>, in settlement of claims for liquidated and damages, from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

vi.   two checks made payable to "Paula Brown" in the amount of <u>$834.14</u>, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of <u>$834.17</u>, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

vii.   two checks made payable to "Anidiz Cabrera" in the amount of <u>$792.08</u>, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of <u>$792.08</u>, in settlement of claims for liquidated and damages from which there shall be no

7

withholding or deductions, and an IRS Form 1099 will be issued; and

viii.  two checks made payable to "Stephanie Checo" in the amount of $807.20 from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $807.20, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

ix.  two checks made payable to "Laura Corana Rios" in the amount of $827.33, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $827.33, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

x.  two checks made payable to "Jeanne Deniel" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xi.   two checks made payable to "Divine Davis" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xii.  two checks made payable to "Auribeny DeJesus" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xiii. two checks made payable to "Nicole Ditto" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xiv.  two checks made payable to "Jordan Drummond a/k/a Jordan Lachapelle" in the amount of $100.00, from which there shall be

9

standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $100.00, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xv.   two checks made payable to "Verdewilm Edwards" in the amount of $100.00, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $100.00, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued;

xvi.   and two checks made payable to "Oluwa Fernandez" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xvii.   two checks made payable to "Catherine Garcia" in the amount of $799.00, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $799.01, in settlement of claims

for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xviii.  two checks made payable to "Daiana Gonzalez" in the amount of $807.82, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $807.82 in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xix.   two checks made payable to "Migdalia Guzman" in the amount of $794.40, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $794.41 in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xx.   two checks made payable to "Whitney Harris" in the amount of $823.58, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $823.59, in settlement of claims for liquidated and damages, from which there shall be no

withholding or deductions, and an IRS Form 1099 will be issued; and

xxi.    two checks made payable to "Frances Hogan" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxii.    two checks made payable to "Nya Hubbard" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxiii.    two checks made payable to "Nathaniel Hughes" in the amount of $1,041.64, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $1,041.65, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

12

xxiv. two checks made payable to "Fuchia Ledgister" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxv. two checks made payable to "Clive Lino" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxvi. two checks made payable to "Jasmine Marte" in the amount of $926.02, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $926.02, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxvii. two checks made payable to "Drury Mcalarney" in the amount of $792.08, from which there shall be standard withholding and

deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxviii. two checks made payable to "Toni Miguel" in the amount of $810.55, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $810.56, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxix. two checks made payable to "Kyawanna Montgomery" in the amount of $816.53, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $816.53, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxx. two checks made payable to "Darlene Pender" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims

for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxxi. two checks made payable to "Angelic Peralta" in the amount of $833.45, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $833.46, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxxii. two checks made payable to "Katherine Pinyero" in the amount of $914.82, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $914.83, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxxiii. two checks made payable to "Orlando Roman" in the amount of $100.00, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $100.00, in settlement of claims for liquidated and damages from which there shall be no

withholding or deductions, and an IRS Form 1099 will be issued; and

xxxiv.   two checks made payable to "Patrice Shand" in the amount of $945.26, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $945.26, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxxv.   two checks made payable to "Careen Simeon" in the amount of $931.50, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $931.50, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxxvi.   two checks made payable to "Nadia Sterling" in the amount of $413.86, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $413.86, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

16

xxxvii.   two checks made payable to "Michelle Thomason" in the amount of $847.62, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $847.62, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxxviii.   two checks made payable to "Chelsea Tumoni" in the amount of $805.23, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $805.23, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xxxix.   two checks made payable to "Kendra Vance" in the amount of $822.16, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $822.17, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xl.   two checks made payable to "Jissette Vargas" in the amount of $735.41, from which there shall be standard withholding and

deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $735.42, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xli.   two checks made payable to "Janet Walsh" in the amount of $1,162.40, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $1,162.41, in settlement of claims for liquidated and damages from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued; and

xlii.   two checks made payable to "Asamaa Zabriskie" in the amount of $792.08, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued and a second check in the amount of $792.08, in settlement of claims for liquidated and damages, from which there shall be no withholding or deductions, and an IRS Form 1099 will be issued.

5.     Plaintiffs hereby acknowledge that the payments provided in enumerated Paragraph 4 of this Agreement and Release are not otherwise an obligation of Releasees and are offered solely in consideration of their execution of this Agreement and Release.

6.     It is expressly understood that Releasees have paid for Plaintiffs' attorneys' fees in full, as per enumerated Paragraph 4, and that Plaintiffs are not entitled to, nor shall they seek, any

other attorneys' fees from Releasees in connection with this matter.  It is further expressly understood that Plaintiffs are not, in any manner, the prevailing party(parties).

7.      Plaintiffs hereby represent that they understand the meaning and effect of this Agreement and Release.  Plaintiffs further represent that they have been given sufficient opportunity to consult with their counsel and reflect upon their decision to enter into this Agreement and Release, and that they have voluntarily and freely entered into this Agreement and Release.

8.      This Agreement and Release contains the entire understanding of the parties hereto with respect to the subject matter contained herein.  There are no restrictions, promises, warranties, covenants, or undertakings, other than those expressly set forth or referred to herein.  This Agreement and Release may be amended only by an instrument in writing executed by the Parties and when so executed such instruments shall become part of this Agreement and Release. Notwithstanding the foregoing, the Plaintiffs authorize their counsel to enter into written stipulations to conform the non-monetary provisions of this Agreement and Release, should the Court not approve this Agreement and Release, in order for the Court to grant its approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

9.      If any of the provisions, terms, clauses, waivers, or releases of claims or rights contained in this Agreement and Release are declared illegal, unenforceable or ineffective in a court of competent jurisdiction, then such provisions, terms, clauses, waivers or releases of claims or rights shall be deemed severable, such that all other provisions, terms, clauses, waivers and releases of claims and rights contained in this Agreement and Release shall remain valid and binding upon the Parties.

10.      The Agreement and Release may be executed in counterpart by each party and each

executed Agreement and Release, when taken together, shall constitute a complete Agreement. An executed copy of this Agreement and Release, transmitted by facsimile or e-mail shall be accepted and enforceable as if it were an original.

11.      Any claim or controversy arising out of or related to this Agreement and Release or the interpretation thereof may be brought in a court of competent jurisdiction in the city and state of New York.  Further, in the event that any action is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled, in addition to any other right or remedy it may have at law or in equity, to all costs associated with enforcing this Paragraph and the Agreement overall, including but not limited to attorneys' fees. The prevailing Party also shall be entitled to recover all reasonable attorneys' fees and costs incurred in connection with proving entitlement and/or the amounts of attorneys' fees and costs to be awarded under this Paragraph.  The Parties agree that, irrespective of the outcome of any court proceeding conducted hereunder, in all circumstances the Release embodied in this Agreement and Release shall survive and continue in full force and effect.

12.      The governing law of this Agreement and Release shall be the substantive and procedural laws of the State of New York, without regard to its conflict of law provisions.

_____
**CRAIG LONGLEY**


_____
**DOLORES ORTIZ**


_____
**GRACE POPPE**

20

executed Agreement and Release, when taken together, shall constitute a complete Agreement. An executed copy of this Agreement and Release, transmitted by facsimile or e-mail shall be accepted and enforceable as if it were an original.

11.    Any claim or controversy arising out of or related to this Agreement and Release or the interpretation thereof may be brought in a court of competent jurisdiction in the city and state of New York.  Further, in the event that any action is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled, in addition to any other right or remedy it may have at law or in equity, to all costs associated with enforcing this Paragraph and the Agreement overall, including but not limited to attorneys' fees. The prevailing Party also shall be entitled to recover all reasonable attorneys' fees and costs incurred in connection with proving entitlement and/or the amounts of attorneys' fees and costs to be awarded under this Paragraph.  The Parties agree that, irrespective of the outcome of any court proceeding conducted hereunder, in all circumstances the Release embodied in this Agreement and Release shall survive and continue in full force and effect.

12.    The governing law of this Agreement and Release shall be the substantive and procedural laws of the State of New York, without regard to its conflict of law provisions.


**CRAIG LONGLEY**


**DOLORES ORTIZ**


**GRACE POPPE**

**CATHOLIC GUARDIAN SERVICES**

By: _____
      Craig Longley, Executive Director


_____
**THANIA FERNANDEZ**


_____
**JERSYNTER ABONGWA**


_____
**OCTAVIA ANDERSON**


_____
**ANITA BOWMAN**


_____
**PAULA BROWN**


_____
**ANIDIZ CABRERA**


_____
**STEPHANIE CHECO**


_____
**LAURA CORONA RIOS**


_____
**JEANNE DENIEL**

21

executed Agreement and Release, when taken together, shall constitute a complete Agreement. An executed copy of this Agreement and Release, transmitted by facsimile or e-mail shall be accepted and enforceable as if it were an original.

11.     Any claim or controversy arising out of or related to this Agreement and Release or the interpretation thereof may be brought in a court of competent jurisdiction in the city and state of New York.  Further, in the event that any action is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled, in addition to any other right or remedy it may have at law or in equity, to all costs associated with enforcing this Paragraph and the Agreement overall, including but not limited to attorneys' fees. The prevailing Party also shall be entitled to recover all reasonable attorneys' fees and costs incurred in connection with proving entitlement and/or the amounts of attorneys' fees and costs to be awarded under this Paragraph.  The Parties agree that, irrespective of the outcome of any court proceeding conducted hereunder, in all circumstances the Release embodied in this Agreement and Release shall survive and continue in full force and effect.

12.     The governing law of this Agreement and Release shall be the substantive and procedural laws of the State of New York, without regard to its conflict of law provisions.

_____
CRAIG LONGLEY


_____
DOLORES ORTIZ

GRACE POPPE

20

**CATHOLIC GUARDIAN SERVICES**

_____

By:

_____

**THANIA FERNANDEZ**

_____

**JERSYNTER ABONGWA**

_____

**OCTAVIA ANDERSON**

_____

**ANITA BOWMAN**

_____

**PAULA BROWN**

_____

**ANIDIZ CABRERA**

_____

**STEPHANIE CHECO**

_____

**LAURA CORONA RIOS**

_____

**JEANNE DENIEL**

21

Scanned with CamScanner

**CATHOLIC GUARDIAN SERVICES**

_____
 By:

_____
**THANIA FERNANDEZ**

_____
**JERSYNTER ABONGWA**

_____
**OCTAVIA ANDERSON**

_____
**ANITA BOWMAN**

_____
**PAULA BROWN**

_____
**ANIDIZ CABRERA**

_____
**STEPHANIE CHECO**

_____
**LAURA CORONA RIOS**

_____
**JEANNE DENIEL**

**CATHOLIC GUARDIAN SERVICES**

By: _____

_____

**THANIA FERNANDEZ**

_____

**JERSYNTER ABONGWA**

_____

**OCTAVIA ANDERSON**

_____

**ANITA BOWMAN**

_____

**PAULA BROWN**

_____

**ANIDIZ CABRERA**

_____

**STEPHANIE CHECO**

_____

**LAURA CORONA RIOS**

_____

**JEANNE DENIEL**

21

**CATHOLIC GUARDIAN SERVICES**

By: _____

_____
**THANIA FERNANDEZ**

_____
**JERSYNTER ABONGWA**

_____
**OCTAVIA ANDERSON**

_____
**ANITA BOWMAN**

_____
**PAULA BROWN**

_____
**ANIDIZ CABRERA**

_____
**STEPHANIE CHECO**

_____
**LAURA CORONA RIOS**

_____
**JEANNE DENIEL**

21

**CATHOLIC GUARDIAN SERVICES**

By: _____

_____
**THANIA FERNANDEZ**

_____
**JERSYNTER ABONGWA**

_____
**OCTAVIA ANDERSON**

_____
**ANITA BOWMAN**

_____
**PAULA BROWN**

_____
**ANIDIZ CABRERA**

_____
**STEPHANIE CHECO**

_____
**LAURA CORONA RIOS**

_____
**JEANNE DENIEL**

**CATHOLIC GUARDIAN SERVICES**

By: _____

_____
**THANIA FERNANDEZ**

_____
**JERSYNTER ABONGWA**

_____
**OCTAVIA ANDERSON**

_____
**ANITA BOWMAN**

_____
**PAULA BROWN**

_____
**ANIDIZ CABRERA**

_____
**STEPHANIE CHECO**

_____
**LAURA CORONA RIOS**

_____
**JEANNE DENIEL**

CATHOLIC GUARDIAN SERVICES

By: _____

_____
THANIA FERNANDEZ

_____
JERSYNTER ABONGWA

_____
OCTAVIA ANDERSON

_____
ANITA BOWMAN

_____
PAULA BROWN

_____
ANIDIZ CABRERA

_____
STEPHANIE CHECO

_____
LAURA CORONA RIOS

_____
JEANNE DENIEL

_____
**DIVINE DAVIS**


_____
**AURIBENY DEJESUS**


_____
**NICOLE DITTO**


_____
**JORDAN DRUMMOND**


_____
**VERDEWILM EDWARDS**


_____
**OLUWA FERNANDEZ**

_____
**CATHERINE GARCIA**


_____
**DAIANA GONZALEZ**


_____
**MIGDALIA GUZMAN**


_____
**WHITNEY HARRIS**


_____
**FRANCES HOGAN**

DIVINE DAVIS

AURIBENY DEJESUS

NICOLE DITTO

JORDAN DRUMMOND

VERDEWILM EDWARDS

OLUWA FERNANDEZ

CATHERINE GARCIA

DAIANA GONZALEZ

MIGDALIA GUZMAN

WHITNEY HARRIS

FRANCES HOGAN

CATHOLIC GUARDIAN SERVICES

By:

THANIA FERNANDEZ

JERSYNTER ABONGWA

OCTAVIA ANDERSON

ANITA BOWMAN

PAULA BROWN

ANIDIZ CABRERA

STEPHANIE CHECO

LAURA CORONA RIOS

JEANNE DENIEL

_____

**DIVINE DAVIS**


_____

**AURIBENY DEJESUS**


_____

**NICOLE DITTO**


_____

**JORDAN DRUMMOND**


_____

**VERDEWILM EDWARDS**


_____

**OLUWA FERNANDEZ**

_____

**CATHERINE GARCIA**


_____

**DAIANA GONZALEZ**


_____

**MIGDALIA GUZMAN**


_____

**WHITNEY HARRIS**


_____

**FRANCES HOGAN**

_____
DIVINE DAVIS


_____
AURIBENY DEJESUS


_____
NICOLE DITTO

_____
JORDAN DRUMMOND


_____
VERDEWILM EDWARDS


_____
OLUWA FERNANDEZ

_____
CATHERINE GARCIA


_____
DAIANA GONZALEZ


_____
MIGDALIA GUZMAN


_____
WHITNEY HARRIS


_____
FRANCES HOGAN

DIVINE DAVIS

_____

AURIBENY DEJESUS

_____

NICOLE DITTO

_____

JORDAN DRUMMOND

_____

VERDENiA M Edwards
VERDEWILM EDWARDS

_____

OLUWA FERNANDEZ

_____

CATHERINE GARCIA

_____

DAIANA GONZALEZ

_____

MIGDALIA GUZMAN

_____

WHITNEY HARRIS

_____

FRANCES HOGAN

_____

**DIVINE DAVIS**


_____

**AURIBENY DEJESUS**


_____

**NICOLE DITTO**


_____

**JORDAN DRUMMOND**


_____

**VERDEWILM EDWARDS**

_~~Sahle Fernandez~~_
_____
**OLUWA FERNANDEZ**


_____

**CATHERINE GARCIA**


_____

**DAIANA GONZALEZ**


_____

**MIGDALIA GUZMAN**


_____

**WHITNEY HARRIS**


_____

**FRANCES HOGAN**

**CATHOLIC GUARDIAN SERVICES**

By: _____

_Thania Fernandez_ 4/8/2021
**THANIA FERNANDEZ**

_____
**JERSYNTER ABONGWA**

_____
**OCTAVIA ANDERSON**

_____
**ANITA BOWMAN**

_____
**PAULA BROWN**

_____
**ANIDIZ CABRERA**

_____
**STEPHANIE CHECO**

_____
**LAURA CORONA RIOS**

_____
**JEANNE DENIEL**

21

_____
**DIVINE DAVIS**


_____
**AURIBENY DEJESUS**


_____
**NICOLE DITTO**


_____
**JORDAN DRUMMOND**


_____
**VERDEWILM EDWARDS**


_____
**OLUWA FERNANDEZ**

Catherine Garcia
_____
**CATHERINE GARCIA**


_____
**DAIANA GONZALEZ**


_____
**MIGDALIA GUZMAN**


_____
**WHITNEY HARRIS**


_____
**FRANCES HOGAN**

22

DIVINE DAVIS

AURIBENY DEJESUS

NICOLE DITTO

JORDAN DRUMMOND

VERDEWILM EDWARDS

OLUWA FERNANDEZ

CATHERINE GARCIA

DAIANA GONZALEZ

MIGDALIA GUZMAN

WHITNEY HARRIS

FRANCES HOGAN

22

_____

**DIVINE DAVIS**


_____

**AURIBENY DEJESUS**


_____

**NICOLE DITTO**


_____

**JORDAN DRUMMOND**


_____

**VERDEWILM EDWARDS**


_____

**OLUWA FERNANDEZ**

_____

**CATHERINE GARCIA**


_____

**DAIANA GONZALEZ**


_____

**MIGDALIA GUZMAN**


_____

**WHITNEY HARRIS**


_____

**FRANCES HOGAN**

DIVINE DAVIS
_____

AURIBENY DEJESUS
_____

_____
NICOLE DITTO

_____
JORDAN DRUMMOND

_____
VERDEWILM EDWARDS

_____
OLUWA FERNANDEZ

_____
CATHERINE GARCIA

_____
DAIANA GONZALEZ

_____
MIGDALIA GUZMAN

_____
WHITNEY HARRIS

_____
FRANCES HOGAN

_____

**DIVINE DAVIS**


_____

**AURIBENY DEJESUS**


_____

**NICOLE DITTO**


_____

**JORDAN DRUMMOND**


_____

**VERDEWILM EDWARDS**


_____

**OLUWA FERNANDEZ**


_____

**CATHERINE GARCIA**


_____

**DAIANA GONZALEZ**


_____

**MIGDALIA GUZMAN**


_____

**WHITNEY HARRIS**


_____

**FRANCES HOGAN**

*Nya Hubbard*
Nya Hubbard (Apr 19, 2021 15:37 EDT)

**NYA HUBBARD**


**NATHANIEL HUGHES**


**FUCHIA LEDGISTER**


**CLIVE LINO**


**JASMINE MARTE**


**DRURY MCALARNEY**


**TONI MIGUEL**


**KYAWANNA MONTGOMERY**


**DARLENE PENDER**


**ANGELIC PERALTA**


**KATHERINE PINYERO**


**ORLANDO ROMAN**

NYA HUBBARD

NATHANIEL HUGHES

FUCHIA LEDGISTER

CLIVE LINO

JASMINE MARTE

DRURY MCALARNEY

TONI MIGUEL

KYAWANNA MONTGOMERY

DARLENE PENDER

ANGELIC PERALTA

KATHERINE PINYERO

ORLANDO ROMAN

_____
NYA HUBBARD


_____
NATHANIEL HUGHES

_Fuchia Ledgister_
FUCHIA LEDGISTER


_____
CLIVE LINO


_____
JASMINE MARTE


_____
DRURY MCALARNEY


_____
TONI MIGUEL


_____
KYAWANNA MONTGOMERY


_____
DARLENE PENDER


_____
ANGELIC PERALTA


_____
KATHERINE PINYERO


_____
ORLANDO ROMAN

23

NYA HUBBARD

_____
NATHANIEL HUGHES

_____
FUCHIA LEDGISTER

_____
CLIVE LINO

_____
JASMINE MARTE

_____
DRURY MCALARNEY

_____
TONI MIGUEL

_____
KYAWANNA MONTGOMERY

_____
DARLENE PENDER

_____
ANGELIC PERALTA

_____
KATHERINE PINYERO

_____
ORLANDO ROMA

_____

**NYA HUBBARD**


_____

**NATHANIEL HUGHES**


_____

**FUCHIA LEDGISTER**


_____

**CLIVE LINO**

*J. Marte*
_____

**JASMINE MARTE**


_____

**DRURY MCALARNEY**


_____

**TONI MIGUEL**

_____

**KYAWANNA MONTGOMERY**


_____

**DARLENE PENDER**


_____

**ANGELIC PERALTA**


_____

**KATHERINE PINYERO**



_____

**ORLANDO ROMAN**

Case 1:17-cv-05503-ER-SN   Document 100-1   Filed 06/14/22   Page 49 of 65

_____
**NYA HUBBARD**


_____
**NATHANIEL HUGHES**


_____
**FUCHIA LEDGISTER**


_____
**CLIVE LINO**


_____
**JASMINE MARTE**


_____
**DRURY MCALARNEY**


_____
**TONI MIGUEL**


_____
**KYAWANNA MONTGOMERY**


_____
**DARLENE PENDER**


_____
**ANGELIC PERALTA**


_____
**KATHERINE PINYERO**


_____
**ORLANDO ROMAN**

**NYA HUBBARD**

**NATHANIEL HUGHES**

**FUCHIA LEDGISTER**

**CLIVE LINO**

**JASMINE MARTE**

**DRURY MCALARNEY**

**TONI MIGUEL**

**KYAWANNA MONTGOMERY**

**DARLENE PENDER**

**ANGELIC PERALTA**

**KATHERINE PINYERO**

**ORLANDO ROMAN**

_____
NYA HUBBARD


_____
NATHANIEL HUGHES


_____
FUCHIA LEDGISTER


_____
CLIVE LINO


_____
JASMINE MARTE


_____
DRURY MCALARNEY


_____
TONI MIGUEL


_____
KYAWANNA MONTGOMERY


_____
DARLENE PENDER


_____
ANGELIC PERALTA


_____
KATHERINE PINYERO


_____
ORLANDO ROMAN

NYA HUBBARD

NATHANIEL HUGHES

FUCHIA LEDGISTER

CLIVE LINO

JASMINE MARTE

DRURY MCALARNEY

TONI MIGUEL

KYAWANNA MONTGOMERY

DARLENE PENDER

ANGELIC PERALTA

KATHERINE PINYERO

ORLANDO ROMAN

23

_____

**NYA HUBBARD**


_____

**NATHANIEL HUGHES**


_____

**FUCHIA LEDGISTER**


_____

**CLIVE LINO**


_____

**JASMINE MARTE**


_____

**DRURY MCALARNEY**


_____

**TONI MIGUEL**

_____

**KYAWANNA MONTGOMERY**


_____

**DARLENE PENDER**

_____

**ANGELIC PERALTA**


_____

**KATHERINE PINYERO**


_____

**ORLANDO ROMAN**

_____
**NYA HUBBARD**

_____
**NATHANIEL HUGHES**

_____
**FUCHIA LEDGISTER**

_____
**CLIVE LINO**

_____
**JASMINE MARTE**

_____
**DRURY MCALARNEY**

_____
**TONI MIGUEL**

_____
**KYAWANNA MONTGOMERY**

_____
**DARLENE PENDER**

_____
**ANGELIC PERALTA**

_____
**KATHERINE PINYERO**

_____
**ORLANDO ROMAN**

23

_Patricia Shand_ PS   3/29/21
~~PATRICIA SHAND~~
Patricia Shand

_____
CAREEN SIMEON

_____
NADIA STERLING

_____
MICHELLE THOMASON

_____
CHELSEA TUMONI

_____
KENDRA VANCE

_____
JISSETTE VARGAS

_____
JANET WALSH

_____
ASMAA ZABRISKIE

PATRICIA SHAND

CAREEN SIMEON

NADIA STERLING

MICHELLE THOMASON

CHELSEA TUMONI

KENDRA VANCE

JISSETTE VARGAS

JANET WALSH

ASMAA ZABRISKIE

.

_____
**PATRICIA SHAND**


_____
**CAREEN SIMEON**


_____
**NADIA STERLING**


_____
**MICHELLE THOMASON**


_____
**CHELSEA TUMONI**


_____
**KENDRA VANCE**


_____
**JISSETTE VARGAS**


_____
**JANET WALSH**


_____
**ASMAA ZABRISKIE**

_____

**PATRICIA SHAND**


_____

**CAREEN SIMEON**


_____

**NADIA STERLING**


**MICHELLE THOMASON**


_____

**CHELSEA TUMONI**


_____

**KENDRA VANCE**


_____

**JISSETTE VARGAS**


_____

**JANET WALSH**


_____

**ASMAA ZABRISKIE**

_____

**PATRICIA SHAND**


_____

**CAREEN SIMEON**


_____

**NADIA STERLING**


_____

**MICHELLE THOMASON**

_____

**CHELSEA TUMONI** Tuomi


_____

**KENDRA VANCE**


_____

**JISSETTE VARGAS**


_____

**JANET WALSH**


_____

**ASMAA ZABRISKIE**

24

_____

**PATRICIA SHAND**


_____

**CAREEN SIMEON**


_____

**NADIA STERLING**


_____

**MICHELLE THOMASON**


_____

**CHELSEA TUMONI**


_____

**KENDRA VANCE**


_____

**JISSETTE VARGAS**


_____

**JANET WALSH**


_____

**ASMAA ZABRISKIE**

24

_____
**PATRICIA SHAND**


_____
**CAREEN SIMEON**


_____
**NADIA STERLING**


_____
**MICHELLE THOMASON**


_____
**CHELSEA TUMONI**


_____
**KENDRA VANCE**


_____
**JISSETTE VARGAS**


_____
**JANET WALSH**


_____
**ASMAA ZABRISKIE**

24

_____
PATRICIA SHAND


_____
CAREEN SIMEON


_____
NADIA STERLING


_____
MICHELLE THOMASON


_____
CHELSEA TUMONI


_____
KENDRA VANCE


_____
JISSETTE VARGAS


_____
JANET WALSH


_____
ASMAA ZABRISKIE

24

_____
**PATRICIA SHAND**


_____
**CAREEN SIMEON**


_____
**NADIA STERLING**


_____
**MICHELLE THOMASON**


_____
**CHELSEA TUMONI**


_____
**KENDRA VANCE**


_____
**JISSETTE VARGAS**


_____
**JANET WALSH**


_____
**ASMAA ZABRISKIE**

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THANIA FERNANDEZ, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>CATHOLIC GUARDIAN SERVICES f/k/a CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, and CRAIG LONGLEY, individually, GRACE POPPE, individually, and DOLOREZ ORTIZ, individually,<br><br>Defendants. | Case No: 17-cv-03161-ER |

## **STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys of record for the parties to the above-entitled action, that this action shall be, and hereby is, dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each party to bear its own costs.

Dated:  Garden City, New York
_____ __, 2021

BORRELLI & ASSOCIATES, PLLC


By_____
    Caitlin Duffy
910 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 248-5550
CD@employmentlawyernewyork.com
*Attorneys for Plaintiffs*

Dated: New York, New York
_____ __, 2021

OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.


By_____
    Robert M. Tucker
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500
robert.tucker@oglegreedeakins.com
*Attorneys for Defendants*

SO ORDERED:


_____